Mr. Robert Moore Wallace was appointed an associate justice of the court April 15, 1893, in place of Mr. Justice Allen, resigned, and took his seat on the bench May 15, 1893, at the trial term then held at Concord.

---

EATON, *Adm'r, v.* BOSTON & MAINE RAILROAD.

Evidence that one is usually careful in getting on and off steam and street cars has no tendency to show that he was not negligent in stepping from a moving train.

CASE, by the administrator of Mary A. Eaton for injuries in alighting from the defendants' train, resulting in her death. Verdict for the defendants. The deceased took passage over the defendants' railroad at Hampton for Seabrook, a little after five o'clock on the afternoon of December 1, 1892. The evidence tended to show that the night was dark and misty. The train arrived at Seabrook station at about half past five o'clock, and before it stopped the name of the station was called by the conductor in the car in which the deceased was riding. She was seen in the car just before the train stopped ; and after it had come to

a standstill she was found, with the heel of one foot crushed, about half a car length back from the car platform at which she was supposed to have alighted.    She died of the injuries received, eight days afterwards.   No one saw the accident, and she died without giving a deposition.   It was conceded that she undertook to alight from the train just before it stopped.

The plaintiff claimed that the deceased supposed the train had stopped, being unable to see in the darkness, and undertook to. alight, using due care.   He offered evidence tending to show that when the deceased took the train at Hampton, twenty minutes before she was injured, she said to the young man who got into the cars to see her off, " Be careful and get off before the train starts ; " also, by testimony of a person who had seen her get on and off steam and street cars, that she was very careful in so doing, and also that she was a very careful and cautious person. The evidence was excluded, and the plaintiff excepted.

*Samuel W. Emery*, for the plaintiff.

*Frink & Batchelder* and *Calvin Page*, for the defendants.

SMITH, J.   It was conceded that the plaintiff's intestate undertook to alight from the train before it had stopped.   The issue for the jury was, whether she was guilty of want of due care in so doing.   The plaintiff's claim, that she supposed the train had stopped, and so understanding, that she undertook to alight using due care, is supported by no evidence, and rests wholly upon conjecture.   If any inference is to be drawn from the facts as they appear, it is that she must have known the train had not stopped ; for it is matter of common experience that a passenger is able to perceive readily when the car in which he is carried is moving, and when it comes to a stop.

The issue was not whether she used due care in alighting from a moving train, but whether her attempt to alight from a moving train was want of due care.   Assuming in favor of the plaintiff that the evidence offered was competent, it had no relevancy upon the fact in issue.   The fact that she was a cautious person, careful in getting on and off cars on other occasions, whether moving or stationary, has no tendency to show that the act of alighting from a moving train was an act done in the exercise of due care.

*Exception overruled.*

CLARK, J., did not sit : the others concurred.